UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                             Case No. 8:19-cr-545-T-60AEP

JAIRO RODRIGUEZ CUERO,

     Defendant.
_____/

### ORDER DENYING DEFENDANT'S "MOTION FOR MISCELLANEOUS RELIEF"

This matter is before the Court on Defendant Jairo Rodriguez Cuero's "Motion for Miscellaneous Relief," filed on August 11, 2020. (Doc. 124). After reviewing the motion, case file, and the record, the Court finds as follows:

On February 5, 2020, Defendant pled guilty to one count of conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States. On July 30, 2020, the Court sentenced him to 120 months imprisonment, followed by five years of supervised release. *This sentence was below the bottom of the advisory guidelines and less than United States' recommendation.* Defendant is currently incarcerated at the State of Florida's Hernando County Correctional Facility.

In his motion, Defendant requests that the Court reduce his 120-month sentence to 88 months, arguing that "the Court's reasoning was not supported by accurate facts."[1] Defendant contends there is a lack of evidence confirming

---

[1] As to the "inaccurate facts," Defendant seems to focus on the nature of the relationships between Defendant and his family members and the specific sentences that those family members were given.

Defendant had contact with either uncle or brother, and that the Government misreported his brother's final sentence as 120 months instead of 87 months. Defendant also denies that the uncle referenced at the sentencing hearing was the same uncle who raised him, a statement presented as fact by the Government in the sentencing hearing and presentence report. Defendant believes that the Court increased the sentence from 108 months to 120 months "for the reason that Mr. Rodriguez Cuero chose to continue along that family path." Defendant then alleges that the Court inquired during the sentencing hearing what the guideline sentence would be if the family criminal records were not considered and was given an answer of 87 months.

Upon review, the Court finds that Defendant is not entitled to relief. The Court's purpose in discussing Defendant's family history with similar cases involving transportation of drugs into the United States was to indicate that Defendant was at least somewhat aware that federal prison would be a possibility if he were caught by U.S. authorities, yet he was not deterred from engaging in similar conduct. According to the presentence report, Defendant confirmed he knew his brother was in federal prison despite not having contact with him. The specifics of the relationships between Defendant and his brother or uncle, and the exact length of their sentences, do not undermine the Court's point – that Defendant

---

In the presentence report and at the sentencing hearing, the Government pointed out that Defendant's brother and uncle have both served time in federal prison for similar drug vessel-related cases. The Court acknowledged this point and mentioned it when explaining the reasoning for a 120-month sentence.

knew two family members were sentenced to prison in the United States for attempting to transport drugs into the United States, yet he was not deterred from engaging in the same illegal activity.  Indeed, the fact that two of Defendant's family members were previously incarcerated in the United States for attempting to transport drugs into the United States was a fact that was almost certainly provided to the presentence investigator by Defendant himself.

Ultimately, the Court's 120-month sentence was lower than the guideline range, which was calculated with no regard to past offenses of family members.  The decision reflected Defendant's role in the operation and the Court's responsibility to provide "adequate deterrence to criminal conduct" with a sentence that is "sufficient, but not greater than necessary."  Consequently, Defendant's "Motion for Miscellaneous Relief" is hereby **DENIED**.

**DONE AND ORDERED** in Chambers, in Tampa, Florida, this <u>4th</u> day of September, 2020.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**